Exhibit A

| | |
|---|---|
| DISTRICT COURT, BOULDER COUNTY, STATE OF COLORADO<br><br>Court Address:<br>1777 6th Street<br>Boulder, CO 80302 | DATE FILED: October 6, 2021 3:43 PM<br>FILING ID: 2A72DEA0AEA7B<br>CASE NUMBER: 2021CV30743 |
| Plaintiff: **PENNY SHAFER**<br><br>v.<br><br>Defendants: **WALMART INC., WAL-MART REAL ESTATE.** | ▲ COURT USE ONLY ▲ |
| Attorneys for Plaintiff:<br>Ross S. Iakovakis, #44104<br>RAMOS LAW, LLC<br>3000 Youngfield Street, Suite 200<br>Wheat Ridge, CO 80215<br>Phone: (303) 733-6353<br>Fax: (303) 856-5666<br>E-mail: ross@ramoslaw.com; | Case No.<br><br>Division: |
| **COMPLAINT** | |

**COMES NOW**, the Plaintiff, Penny Shafer, by and through her attorneys, Ramos Law, and files her Complaint against Defendants, Walmart Inc. and Wal-Mart Real Estate, and alleges and avers as follows:

## PARTIES AND JURISDICTION

1. Plaintiff, Penny Shafer (elsewhere "Plaintiff"), at all times relevant to this Complaint resided in the County of El Paso, State of Colorado.

2. Upon information and belief, at all times relevant, Defendant, Walmart Inc. (elsewhere "Walmart Inc."), was and is a foreign corporation authorized to do business, and doing business, in the State of Colorado.

3. Upon information and belief, at all times relevant, Defendant, Wal-Mart Real Estate (elsewhere "Wal-Mart Real Estate"), was and is a foreign corporation authorized to do business, and doing business, in the State of Colorado.

4. Elsewhere herein, Defendant Walmart Inc and Defendant Wal-Mart Real Estate will collectively be referred to as "the Entity Defendants."

5. Venue and Jurisdiction are proper in Boulder County pursuant to C.R.C.P. 98(c)(1).

## FACTUAL BACKGROUND

6.  Plaintiff incorporates paragraphs 1 through 5 as though fully set forth herein.

7.  Defendants are the owners/operators of a Wal-Mart store located at 4425 Venetucci Boulevard, Fountain, Colorado 80906 ("The Premises").

8.  On December 17, 2019, Plaintiff, was a customer at the Premises.

9.  As Plaintiff was exiting the Premises, a large metal door automatically slammed shut on her hand, causing the Plaintiff severe injuries. The door was negligently left open by an employee of Wal-Mart.

10. The Entity Defendants knew or should have known that the automatic door constituted a dangerous condition and posed an unreasonable risk of harm to customers, such as Plaintiff. Notwithstanding, the Entity Defendants took no action to protect, guard, or warn the Plaintiff of the dangerous condition, or to remedy the dangerous condition.

11. As a result of the aforementioned incident, Plaintiff suffered injuries and damages including both past and future medical treatment, past and future pain and suffering, and past and future physical impairments for which she seeks compensation. Plaintiff also seeks pre and post judgment interest and costs.

## FIRST CLAIM FOR RELIEF
## NEGLIGENCE
*Directed against the Entity Defendants*

12. Plaintiff incorporates any and all prior allegations herein.

13. Defendants owed a duty of reasonable care to visitors and customers at the Premises, including, but not limited to, Plaintiff.

14. Defendants negligently breached that duty of care by failing to warn of the dangerous conditions present on the Property, failing to keep the Property safe of dangerous conditions, and otherwise ignoring the dangerous conditions present on the Property, including by failing to keep the door shut, turning off the automatic function, placing a warning sign, or performing some other mitigation, such as properly instructing their employees to keep the door shut.

15. As a direct result of the negligence of the Entity Defendants and the breach of the duty of reasonable care, Plaintiff suffered severe injuries, damages and losses, including but not limited to traumatic physical, emotional and/or psychological injuries, economic injuries, pain and suffering, and impairment.

16. These injuries, damages and losses were proximately caused by the negligence of Defendant and their breach of the duty of reasonable care.

## SECOND CLAIM FOR RELIEF
## VIOLATIONS OF COLORADO'S PREMISES LIABILITY ACT: C.R.S. § 13-21-115
*Directed against the Entity Defendants*

17. Plaintiff incorporates any and all prior allegations herein.

18. At all times relevant hereto, Plaintiff was an invitee pursuant to the term as defined in C.R.S. § 13-21-115(5).

19. At all times relevant hereto, Defendants were landowners as that term is defined in C.R.S. § 13-21-115.

20. Defendants had a legal duty to exercise reasonable care with respect to activities, conditions, and circumstances present at the Property, so that invitees, such as Plaintiff, would not be exposed to an unreasonable risk of danger.

21. Defendants had a legal duty to exercise reasonable care to protect Plaintiff and warn her of the dangerous activities, circumstances, and conditions present on the property, and to not unreasonably expose her to those dangers. These include but are not limited to: failing to keep the Property safe of dangerous conditions, and otherwise ignoring the dangerous conditions present on the Property, including by failing to close the door, failing to control the automatic function of the door, and failing to place warning signs or otherwise warn of the dangerous condition present on the property and failing to properly train and instruct employees to keep the door closed.

22. As a direct and proximate result of Defendants' breach of the aforementioned legal duties, Plaintiff suffered injuries, damages, and losses.

23. As a further result of Defendants' conduct, Plaintiff suffered severe injuries, damages and losses, including but not limited to traumatic physical, emotional and/or psychological injuries, economic injuries, pain and suffering, and impairment.

**WHEREFORE**, Plaintiff, Penny Shafer, requests that judgment be entered in favor of the Plaintiff and against the Defendant, in an amount sufficient to reasonably compensate her for the injuries as set forth above, court costs, attorney fees, expert witness fees, statutory interest from the date this cause of action accrued or as otherwise permitted under Colorado law and for such other and further relief as this Court deems just and proper and / or Plaintiff prays for the following relief:

(a) For an amount which will reasonably compensate the Plaintiff for past, present and future economic loss;

(b) For an amount which will reasonably compensate the Plaintiff for medical expenses, past and future;

(c) For an amount which will reasonably compensate the Plaintiff for permanent limitation, injuries, and/or disfigurement, limitations and or disabilities of the body and/or mind;

(d) For an amount which will reasonably compensate the Plaintiff for pain and suffering, past and future;

(e) For an amount which will reasonably compensate the Plaintiff for loss of enjoyment of life and / or the capacity of life; and

(f) For interest as provided by Statute from the date of the incident which forms the basis of this Complaint to the date of verdict or judgment, and for costs and fees incurred in the prosecution of the matter and for any other and further relief as the Court may deem just.

## PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES

This matter is exempt from C.R.C.P. 16.1 as the damages claimed herein exceed $100,000.

Respectfully submitted this 6th day of October, 2021.

**RAMOS LAW**

*Original signature on file at Ramos Law*

/s/ Ross Iakovakis
Ross Iakovakis, #44104
*Attorney for Plaintiff*

Plaintiff's Address:
C/O Ramos Law
3000 Youngfield Street, Suite 200
Wheat Ridge, CO 80215

4