IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-02983-PAB

PENNY SHAFER,

    Plaintiff,

v.

WALMART INC., and
WAL-MART REAL ESTATE,

    Defendants.

## ORDER TO SHOW CAUSE

The Court takes up this matter *sua sponte* on the Notice of Removal [Docket No. 1]. Defendants assert that this Court has jurisdiction pursuant to 28 U.S.C. § 1332. Docket No. 1 at 1.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Gr. Brit. PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the

requirement by failing to challenge jurisdiction." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (citations omitted). Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Defendants assert that the Court has diversity jurisdiction under 28 U.S.C. § 1332. Docket No. 1 at 2, ¶ 2. Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). While, at the pleading stage, the Court takes as true all "well-pled (that is, plausible, conclusory, and non-speculative) facts," *Dudnikov v. Chalk & Vermilion Fine Arts*, 514 F.3d 1063, 1070 (10th Cir. 2008), the allegations regarding the citizenship of defendants are not well-pled.

The notice of removal states that defendant "Walmart is a citizen of the state of Arkansas" and that defendant "Wal-Mart Real Estate is a citizen of the state of Delaware." Docket No. 1 at 2, ¶ 3. These allegations are insufficient for two reasons. First, the notice of removal does not state both Walmart's principal place of business or state of incorporation, *see id.*, and a corporation is deemed to be a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign

state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Second, the notice does not indicate what type of entity Wal-Mart Real Estate is. This information is critical to the Court's jurisdictional analysis because, while a corporation is a citizen of both its state of incorporation and its principal place of business, 28 U.S.C. § 1332(c)(1), the citizenship of an unincorporated entity is determined, not by its state of organization or principal place of business, but by the citizenship of all of its members. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members.").

Because the allegations regarding defendants' citizenship are not well-pled, the Court is unable to determine defendants' citizenship and whether the Court has jurisdiction. *See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (quotations omitted)). It is therefore

**ORDERED** that, on or before **November 22, 2021**, defendants shall show cause why this case should not be remanded to state court due to the Court's lack of subject matter jurisdiction.

DATED November 15, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge